Curia, per

Bútler, J.
The fund in controversy, in this case, was collected under fi. fa. for the plaintiff. There seems to be no contest between the plaintiff and his assignee ; and the only question is, whether money levied in execution, by the sheriff, upon ji. facias, and in his hands, can be attached. For if the attachment will not lie, the rule should have been made absolute. The circuit Judge discharged the rule, which, in-effect, left the attachment to operate on the money. The argument in favor of this conclusion, to' wit, that money thus collected may be attached, rests on the comprehensive language of our Attachment *36 Act. That Act, by its own provisions, prescribes the mode of proceeding under it; but so far as it regards the class of persons, and, in general, the subjects, coming within its scope, it must be construed according to English decisions, in reference to the custom of London, from which it is derived.
The object oí all writs of foreign attachment, is to attach the defendant, by all and singular his goods and chattels, in whose hands or possession soever the same may be found-. This seems to be the language of such a writ issuing from the inferior courts of London, and in Pennsylvania, as noticed by Mr. Sergeant, in his volume on Attachment. The writ, under our Act, is of the same tenor, and is in conformity with the terms of the Act, which is as follows : “To attach the monies, goods; chattels, debts, and books of account, belonging to the absent debtor, in the hands of any person or persons whatsoever.” The persons here referred to, are such as by their voluntary agency, have taken possession of the goods of the absent debtor, or who, by their contract, have become indebted to him. This character of them, seems to be clearly indicated by the preamble of the Act itself. In speaking of the residence of the absent debtors, it recites that “such absent debtor often at the same time carrying on trade or commerce, or other business in this province; by factors, agents; or attorneys, and having considerable monies, goods, chattels, and debts belonging and due and owing to him.” It never could have been the intention of the Act to bring within its provisions monies in the custody of the law; or such as have been officially collected by courts and their responsible officers, such as ordinaries, commissioners in equity, or sheriffs. To say nothing more, it would be a great inconvenience and source of vexation, if these officers were subjected to the litigation incident to the garnishment of funds in their hands. In this way liabilities and expense far beyond their official duties, might be incurred; It has been decided by our courts, that monies in the official custody of an ordinary or commissioner in equity, are not the subject of attachment; and for the same reasons, should money collected by the sheriff be exempt from such process. He is an officer of the law, and acts under an official au *37 thority to obey the directions of the Ji. fa. placed in his hands by the order of the court. This general proposition is stated by Sir John Comyns, in the 1st vol. of his Digest, p. 600, “that by the custom of London, money levied in execution, by the sheriff, upon the fieri facias, cannot be attached.” He quotes 1 Leonard’s Reports, for his authority. As I have not been able to refer to that reporter, I cannot give his reasons. But it seems to me that they are obvious. Afi.fa. contains peremptory directions from the court, to the sheriff, to collect the money of defendant, and have it at the next court, subject to the order of the court. An attachment sued out by a third party, would have the effect of arresting the operation of the writ, and enjoining its execution, as it would be to require the sheriff to hold the money subject to the attachment, instead of having it at court, according to the exigency of the execution. The business of a ministerial officer like the sheriff, is to obey the directions of the process placed in his hands, and in doing so, he should have the money levied underaj?, fa. at court, to be paid over-to the plaintiff, without let or hindrance from any source except that of a court of competent jurisdiction. For further authority on this point, see the casé of Ross vs. Clark, 1 Dallas, 354.
We think the rule below should have been made absolute, and the motion to reverse the circuit decision refusing to make such order, is granted.
Richardson, O’Neall, Evans, and Wardlaw, JJ. concurred.